**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,                )    CR-13-777-PHX-ROS (LOA)
                                         )
                    Plaintiff,            )    **ORDER**
                                         )
vs.                                      )
                                         )
                                         )
Kimberly Ann Meyer,                      )
                                         )
                    Defendant.            )
                                         )
_____  )

On June 4, 2013, Defendant Kimberly Ann Meyer was indicted on three counts of Theft of Mail by Postal Employee, in violation of 18 U.S.C. § 1709, each count a Class D felony.[1] *See United States v. Monday*, 614 F.3d 983 (9th Cir. 2010); 18 U.S.C. § 3581(b)(4).

**I. Background**

At Defendant's initial appearance and arraignment, this Magistrate Judge concluded Defendant owns significant funds in a Thrift Savings Plan ("TSP"), earned during her former

_____

[1]  Section 1709 provides in relevant part:

> Whoever, being a Postal Service officer or employee, ... steals, abstracts, or removes from any . . . letter, package, bag, or mail, any article or thing contained therein, [entrusted to her or which comes into her possession intended to be conveyed by mail,] shall be fined under this title or imprisoned not more than five years, or both.

Title 18 U.S.C. § 1709.

1   employment with the U.S. Postal Service, but, as explained below, conditionally appointed
2   Assistant Federal Public Defender Elizabeth J. Kruschek to represent Defendant in this
3   matter. (Doc. 8) Under penalty of perjury, Defendant completed and signed a financial
4   affidavit, CJA Form 23, identifying the amount of TSP funds belonging to Defendant and
5   informing the District Court that, *inter alia*, while she is currently unemployed and looking
6   for employment per her release conditions, her husband is employed full time. (Sealed doc.
7   9)

8        During a subsequent hearing addressing Defendant's efforts to retain private counsel
9   in the city where she resides, Defendant informed the Court her TSP money, apparently
10  recently converted to a tax-deferred annuity voluntarily by Defendant, is not readily
11  available to her in a large enough lump sum distribution to retain private counsel at this time
12  due to restrictions on the maximum annual disbursements ($8,000) she may withdraw.
13  Additionally, she recently contacted three Yuma lawyers, each of whom requests his full
14  payment of the retainer ($15,000) up front before agreeing to represent Defendant in this
15  matter.  While she has overall more than enough money to hire private counsel if counsel
16  would accept annual payments, she is unable to do so due to the annuity's annual withdrawal
17  restrictions.

18  **II. The Criminal Justice Act**

19       The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall
20  enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend.
21  VI. "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any
22  offense, whether classified as petty, misdemeanor, or felony, unless he was represented by
23  counsel at his trial." *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972); *see also Gideon v.*
24  *Wainwright*, 372 U.S. 335, 344-45 (1963). As a consequence of the Supreme Court's
25  constitutional mandate for defense counsel in criminal cases, Congress passed the Criminal
26  Justice Act ("CJA") of 1964. *United States v. Parker*, 439 F.3d 81, 90 (2d Cir. 2006). "The
27  CJA ensures that 'defendants who are financially unable to afford trial services necessary
28  to an adequate defense are provided them in accordance with the Sixth Amendment.'" *Id.*

(citations omitted). "The Criminal Justice Act provides that courts may 'furnish [ ] representation for any person financially unable to obtain adequate representation." *In the Matter of Gerald R. Smith*, 586 F.3d 1169, 1171-72 (9th Cir. 2009) (quoting 18 U.S.C. § 3006A(a)). The Ninth Circuit, however, "has very little precedent regarding the CJA compensation system." *Id.* at 1173.

Title 18 U.S.C. § 3006 (c) and (f) authorize a district court to order the payment, partial payment, or repayment of court-appointed attorney's fees and expenses if it finds that the defendant is financially able to pay such fees. *See United States v. Lorenzini*, 71 F.3d 1489, 1494 (9th Cir. 1995) ("[A] reimbursement order is improper if the court fails to find that the defendant has the current ability to repay the government for his attorney fees.") (internal quotation marks omitted); *United States v. Seminole*, 882 F.2d 441, 443 (9th Cir. 1989) ("The recoupment of [court-appointed counsel's] fees is controlled by 18 U.S.C. § 3006A(f) which requires the district court to make appropriate findings.") (citation omitted)).

Title 18 U.S.C. § 3006A(c) provides, in pertinent part, as follows:

> [I]f at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate. . . .

18 U.S.C. § 3006A(c); *see also United States v. Wilson*, 597 F.3d 353, 358 (6th Cir. 2010) (affirming order requiring defendant to pay for legal services from federal public defender's office in the full amount of $52,305 in reasonable monthly installments).

Additionally, subsection (f) permits a district court to order a defendant to reimburse government-paid attorneys' fees "[w]henever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation[.]" 18 U.S.C. § 3006A(f); *see also United States v. Danielson*, 325 F.3d 1054, 1076-77 (9th Cir. 2003); *United States v. Allen*, 596 F.2d 227, 232 (7th Cir. 1979) (Section 3006A(f) gives the district court authority to order reimbursement). "Such a finding must be based on the defendant's current assets, not on his ability to fund payment from future

earnings." *Danielson*, 325 F.3d at 1077. A "[d]istrict court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees." *United States v. Moore*, 666 F.3d 313, 322 (4th Cir. 2012). *See Guide to Judiciary Policy and Procedures*, Volume 7, Chapter 2, Part A, Section 210.40.40 (2010).[2]

Under the CJA, the defendant bears the burden of persuading the district court that he or she is financially unable to obtain counsel. *United States v. Ellsworth*, 547 F.2d 1096, 1098 (9th Cir. 1976), *cert. denied*, 431 U.S. 931 (1977)). Under § 3006A(f), the defendant also bears the burden of establishing by a preponderance of the evidence that the defendant is financially unable to reimburse the cost of representation. *United States v. Frandsen*, 2008 WL 5348235, at *1 (D. Mont. Dec. 19, 2008) (quoting *United States v. Evans*, 155 F.3d 245, 252 n. 8 (3rd Cir. 1998)) (citing *United States v. Lefkowitz*, 125 F.3d 608, 621 (8th Cir. 1997) and *United States v. Harris*, 707 F.2d 653, 660 (2nd Cir. 1983)) (internal quotation marks omitted). "Once a defendant has sufficiently met his burden to demonstrate an inability to pay [attorney's] fees, the court must proceed with a full inquiry into his actual ability to bear those costs." *Id.* (quoting *Museitef v. United States*, 131 F.3d 714, 716 (8th Cir. 1997) (citations internal quotation marks omitted)). The test for determining a defendant's ability to repay his attorney's fees in a criminal case "is whether repayment would cause such financial hardship as to make it impractical or unjust." *Id.* (citing *United*

---

[2] Section 210.40.40 of the *Guide* provides, in pertinent part:

[i]f a person's net financial resources and income . . . are in excess of the amount needed to provide the person and that person's dependents with the necessities of life . . . but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of the appointment or from time to time thereafter.

*Guide to Judiciary Policy and Procedures*, Volume 7, Chapter 2, Part A, Section 210.40.40 (2010).

1  *States v. Bracewell*, 569 F.2d 1194, 1199 (2nd Cir. 1978)). The determination must be made

2  "in light of the liquidity of the individual's finances, his personal and familial needs, or

3  changes in his financial circumstances." *Id.* (citations omitted).

4       Federal courts have recognized "that 'CJA funds are a necessarily limited resource'

5  and that the public has a 'strong interest in how its funds are being spent in the

6  administration of criminal justice." *United States v. Stevenson*, 2012 WL 1038832, at *3

7  (W.D.Pa. March 28, 2012) (quoting *Parker*, 439 F.3d at 109). "Accordingly, '[t]he

8  reimbursement statute, which was duly enacted to carry out salutary policies and which

9  provides for notice of the intended order of recoupment, creates a constitutionally proper

10  ground for depriving a financially able defendant of available funds which, in fairness,

11  should be remitted to the public coffers.'" *Id.* (quoting *United States v. Bracewell*, 569 F.2d

12  1194, 1197 (2nd Cir. 1977) (citation omitted)).

13       A district court's decision to order reimbursement under 18 U.S.C. § 3006A(f) is

14  discretionary. *Danielson*, 325 F.3d at 1076-77; *United States v. Griggs*, 240 F.3d 974 (11th

15  Cir. 2001) ("As with fee determinations, payment orders under § 3006A(f) . . . are left to the

16  discretion of the trial [or magistrate] judge[.]"); *United States v. Durka*, 490 F.2d 478, 480

17  (7th Cir. 1973). While Section 3006A(f) does not specify how a district court should

18  calculate the repayment of fees and expenses, the Ninth Circuit has held that a district court

19  did not abuse its discretion in awarding attorney's fees by calculating defendant's

20  reimbursement at the then current CJA rates. *See United States v. Waldron*, 270 Fed. Appx.

21  531, 534 (9th Cir. 2008) (district court ordered Waldron to repay his attorney's fees at CJA

22  rates, up to $7,000, the maximum compensation allowed under § 3006A(d)(2)). Section

23  3006A(f) also permits a district court to direct that funds be deposited in the U.S. Treasury

24  when the court "finds that funds are available for payment from or on behalf of a person

25  furnished representation." 18 U.S.C. § 3006A(f) ("[o]r to the court for deposit in the

26  Treasury as a reimbursement to the appropriation, . . . ." for providing defender services).

27  The Ninth Circuit in *Waldron* and district courts outside our circuit have ordered

28  reimbursement payments be made to the clerk of court of the district court entering the order

1   for payment into the United States Treasury. *See Waldron*, 270 Fed. Appx. at 533;

2   *Stevenson*, 2012 WL 1038832, at *4; *United States v. Page*, 2011 WL 2224674, at *3 (S.D.

3   Ill. June 8, 2011).

4   **III. Discussion**

5            After making appropriate inquiries on the record, the Court finds that Defendant has

6   a "fixed right" to her TSP-converted funds and the current ability to repay the U.S. Treasury

7   for her attorney's fees and expenses, but she is simply unable to access all those funds, or

8   a large enough portion of those funds, at this time to fully pay the retainer of a lawyer in

9   private practice to represent her in this matter. Defendant "is financially able . . . to make

10  partial payment for the representation," 18 U.S.C. § 3006A(c), but none of the three lawyers

11  she interviewed would undertake her representation and accept partial payments over time.

12  Nevertheless, Defendant's inability to gain access to all her TSP-converted funds at this time

13  to retain private counsel does not warrant findings that she is both financially unable to

14  obtain adequate representation *and* should never be required to reimburse the United States

15  taxpayers the reasonable costs of her defense in this criminal case. *See, e.g., United States

16  v. Kahan*, 415 U.S. 239, 240–41 (1974) (*per curiam*) (defendant's access to $25,000 in

17  Totten trusts, revocable at defendant's will and purportedly created for his children as the

18  intended donees, did not entitle him to appointed counsel as he "was not indigent, and did

19  not have a right to appointment of counsel under the Sixth Amendment"); *United States v.

20  Pani*, 2011 WL 4344336 (D. Mass. Aug. 3, 2011); *In re Extradition of Patel*, 2008 WL

21  896069, at *2 (D. Or. March 29, 2008) ("While his withdrawal of [Individual Retirement

22  Account's] funds before he reaches age 59 1/2 may result in a penalty and withdrawal at any

23  time subjects the funds to taxes if they went into the account tax free, the funds are

24  nonetheless available to the respondent."); *United States v. Medford*, 608 F.Supp.2d 709

25  (W.D.N.C. April 16, 2009). This Magistrate Judge rejects the non-controlling and

26  unpersuasive ruling to the contrary in *United States v. Lexin*, 434 F. Supp.2d 836 (S.D. Cal.

27  2006), which appears to be the minority view in the Ninth Circuit.

28  **IV. Conclusion**

1    The Court finds that an order Defendant repay her attorney's fees and expenses would
2  not cause Defendant such a financial hardship to render repayment of such fees and expenses
3  either impractical or unjust; Defendant is financially able to make partial reimbursement
4  payments over time for her representation; and the interests of justice dictate Defendant
5  repay her attorney's fees and expenses as ordered herein.

6    Based on the foregoing,

7    **IT IS ORDERED** as follows:

8    1. Defendant's Federal Public Defender shall file under seal on or before **January 31,**
9  **2014**, and the last day of January of every year thereafter until the Federal Public Defender
10 no longer represents Defendant in this case, a full and detailed itemization of the time and
11 expenses she has incurred in representing Defendant in this action. The Government shall
12 not have access to this information.

13    2. Defendant shall pay to the Clerk of Court for the District Court of Arizona the sum
14 of money calculated at the current CJA hourly rate times the number of hours plus the costs
15 of defense and ordered herein on or before **February  28, 2014**, and the last day of February
16 of every year thereafter until paid in full, for deposit in the United States Treasury, where
17 it will be credited to the Defender Services appropriation as reimbursement for Defendant's
18 cost of defense pursuant to the provisions of 18 U.S.C. § 3006A. Defendant shall pay no less
19 than $3,000 per year, assuming her unpaid fees and costs exceed $3,000 for the previous
20 year, in which event she shall pay the lesser sum. A cashier's check or money order, made
21 payable to "Clerk of Court, District Court of Arizona" shall be delivered to the Finance
22 Department, First Floor, United States District Court for the District of Arizona, 401 W.
23 Washington, SPC 1, Phoenix, Arizona 85003-2118.

24 ///
25 ///
26 ///
27 ///
28

1    The Clerk of Court is kindly directed to send a copy of this Order to Defendant to the

2   address identified in her Pretrial Services report, sealed doc. 7, and all counsel of record.

3    Dated this 3rd day of July, 2013.

Lawrence O. Anderson
United States Magistrate Judge